**THORNTON DAVIDSON** #166487
The ERISA Law Group
2055 San Joaquin Street
Fresno, California 93721-2717
Telephone:    (559) 256-9800
Facsimile:    (559) 256-9795
thorntondavidson@aol.com

Attorney for Plaintiff, JAMES MICHAEL BROWN

UNITED STATES DISTRICT COURT FOR

THE NORTHERN DISTRICT OF CALIFORNIA

JAMES MICHAEL BROWN,                )   Case No.:
                                    )
            Plaintiff,              )   **COMPLAINT FOR DECLARATORY**
                                    )   **RELIEF**
v.                                  )
                                    )
BANK OF AMERICA SELF-INSURED        )
MEDICAL PLANS; ASSOCIATE LIFE       )
INSURANCE – BASIC AND ASSOCIATE     )
LIFE INSURANCE – SUPPLEMENTAL       )
PLAN,                               )
                                    )
            Defendants.             )
_____)

Plaintiff James Michael Brown ("Plaintiff") alleges as follows:

## JURISDICTION

1.      Plaintiff's claim for relief arises under the Employee Retirement Income Security Act

of 1974, as amended ("ERISA"), 29 U.S.C. section 1132(a)(1) and (3).  Pursuant to 29 U.S.C.

section 1331, this court has jurisdiction over this action because this action arises under the laws of

the United States of America.  29 U.S.C. section 1132(e)(1) provides for federal district court

jurisdiction of this action.

## VENUE/INTRADISTRICT ASSIGNMENT

2.      Venue is proper in the Northern District of California because the acts and

occurrences giving rise to Plaintiff's claim for relief took place in San Francisco, California in that

Plaintiff is and was a resident of San Francisco County, California, when Defendant terminated his

---

COMPLAINT FOR DECLARATORY RELIEF

1  long-term disability benefits. Therefore, 29 U.S.C. section 1132(e)(2) provides for venue in this

2  court in the San Francisco Division.

3  **PARTIES**

4      3.    Plaintiff is, and at all times relevant hereto, was, an individual and a participant, as

5  that term is defined by 29 U.S.C. section 1000(7), of: (1) the Bank of America Self-Insured Health

6  Plans ("the Health Plan") which is insured by Blue Shield and (2) the Associate Life Insurance –

7  Basic and Associate Life Insurance – Supplemental Plan ("Life Insurance Plan") which is insured by

8  Metropolitan Life Insurance Company thereby entitled to receive benefits therefrom. Plaintiff was a

9  beneficiary because he was an employee of Bank of America, which established the Health Plan and

10 the Life Plan and was covered by the Plan's health and life insurance.

11     4.    Defendant the Plan is an employee welfare benefit plan organized and operating

12 under the provisions of ERISA, 29 U.S.C. section 1001 et seq.

13 **FIRST CLAIM FOR RELIEF**
(For Declaratory Relief that Plaintiff is Entitled
14 to Benefits – Against Defendant Health Insurance Plan, only)

15     5.    Under the terms of The Health Plan Plaintiff received health insurance benefits

16 from The Health Plan.

17     6.    Under the terms of The Health Plan the premium for the health insurance benefit

18 was waived while Plaintiff was totally disabled.

19     7.    When The LTD Plan arbitrarily and capriciously determined that Plaintiff was no

20 longer totally disabled, The Health Plan terminated Plaintiff's health benefits.

21     8.    The Health Plan terminated Plaintiff's Health insurance benefit without prior

22 notice, without the opportunity to submit evidence or objections, and without the opportunity to

23 make an administrative appeal.

24     9.    By letters dated January 16, 2007, April 12, 2007, and May 14, 2007, attached hereto

25 as Exhibit A, Plaintiff notified the Plan that the decision to terminate his long term disability benefits

26 had been rescinded, and therefore he was entitled to health benefits.

27     10.    By letter dated May 15, 2007, attached hereto as Exhibit B, MetLife, Plaintiff's LTD

28 carrier sent The Plan a letter notifying it that he had been reinstated to LTD benefits.

COMPLAINT FOR DECLARATORY RELIEF

1    11.    Defendant The Health Plan did not respond.

2    12.    The Health Plan has waived and is estopped to claim that Plaintiff failed to exhaust
3    any and all administrative remedies required by the terms of The Health Plan.

4    13.    Plaintiff has exhausted all administrative remedies required to be exhausted by his
5    under the terms of The Health Plan.

6    14.    The Plan's termination of Plaintiff's health insurance benefits was arbitrary and
7    capricious, an abuse of discretion, and a violation of the terms of The Health Plan.

8    15.    An actual controversy has arisen and now exists between Plaintiff and The Health
9    Plan with respect to whether Plaintiff is entitled to benefits under the terms of The Health Plan.

10    16.    Plaintiff contends, and The Health Plan disputes, that Plaintiff is entitled to benefits
11    under the terms of The Health Plan, i.e., continued health benefits and waiver of premium during
12    total disability, and that therefore The Health Plan wrongfully terminated his health insurance
13    benefits.

14    17.    Plaintiff desires a judicial determination of his rights and a declaration as to which
15    party's contention is correct, together with a declaration that The Health Plan is obligated to waive
16    payment of premiums and reinstate Plaintiff's health insurance benefits to Plaintiff for the period the
17    date of discontinuance until and unless such time that Plaintiff is no longer eligible for such benefits
18    under the terms of The Health Plan.

19    18.    A judicial determination of these issues is necessary and appropriate at this time
20    under the circumstances described herein in order that the parties may ascertain their respective
21    rights and duties, avoid a multiplicity of actions between the parties and their privities, and provoke
22    judicial efficiency.

23    19.    As a proximate result of Defendant's wrongful conduct, Plaintiff has incurred covered
24    Health expenses for himself. Plaintiff requests an order of restitution of unpaid benefits equal to the
25    cost of said health expenses since the date health insurance benefits were terminated.

26    20.    This Court is required to review the termination of Plaintiff's health insurance
27    benefits de novo because The Health Plan does not provide for discretionary review.

28    21.    Plaintiff has exhausted all administrative remedies required to be exhausted under

COMPLAINT FOR DECLARATORY RELIEF

3

1  the terms of the Plan.

2  22.  The Plan's termination of Plaintiff's waiver of premium and health insurance benefits

3  was arbitrary and capricious, an abuse of discretion, and a violation of the terms of the Plan.

4  23.  An actual controversy has arisen and now exists between Plaintiff and the Plan with

5  respect to whether Plaintiff is entitled to waiver of premium and health insurance benefits under the

6  terms of the Plan.

7  24.  Plaintiff contends, and the Plan disputes, that Plaintiff is entitled to benefits under the

8  terms of the Plan for waiver of premium and health insurance because Plaintiff is totally disabled.

9  25.  Plaintiff desires a judicial determination of his rights and a declaration as to which

10  party's contention is correct, together with a declaration that the Plan is obligated to provide a waiver

11  of premium and health insurance benefits, under the terms of the Plan, retroactive to the first day of

12  his eligibility, until and unless such time that Plaintiff is no longer eligible for such benefits under

13  the terms of the Plan.

14  26.  A judicial determination of these issues is necessary and appropriate at this time

15  under the circumstances described herein in order that the parties may ascertain their respective

16  rights and duties, avoid a multiplicity of actions between the parties and their privities, and promote

17  judicial efficiency.

18  27.  As a proximate result of Defendant's wrongful conduct as alleged herein, Plaintiff

19  was required to obtain the services of counsel to obtain the benefits to which he is entitled under the

20  terms of the Plan.  Pursuant to 29 U.S.C. section 1132(g)(1), Plaintiff requests an award of attorney's

21  fees and expenses as compensation for costs and legal fees incurred to pursue Plaintiff's rights under

22  the terms of the Plan.

23  **SECOND CLAIM FOR RELIEF**
(For Declaratory Relief That Plaintiff Is Entitled To Benefits —

24  Against Defendant Life Insurance Plan, Only)

25  28.  Plaintiff incorporates by reference paragraphs 1 through 15, inclusive, and paragraph

26  27 of this Complaint.

27  29.  Under the terms of The Life Insurance Plan Plaintiff received a life insurance policy

28  from The Plan.

COMPLAINT FOR DECLARATORY RELIEF

4

1    30.    Under the terms of The Life Insurance Plan the premium for the life insurance benefit
2    under The Policy was waived while Plaintiff was totally disabled.

3    31.    When The LTD Plan arbitrarily and capriciously determined that Plaintiff was no
4    longer totally disabled, The Life Insurance Plan terminated Plaintiff's waiver of premium benefit,
5    and thus terminated Plaintiff's life insurance benefits.

6    32.    The Life Insurance Plan terminated Plaintiff's life insurance benefit without prior
7    notice, without the opportunity to submit evidence or objections, and without the opportunity to
8    make an administrative appeal.

9    33.    The Life Insurance Plan has waived and is estopped to claim that Plaintiff failed to
10    exhaust any and all administrative remedies required by the terms of the Life Insurance Plan.

11    34.    Plaintiff has exhausted all administrative remedies required to be exhausted under the
12    terms of The Life Insurance Plan.

13    35.    The Life Insurance Plan's termination of Plaintiff's benefits was arbitrary and
14    capricious, an abuse of discretion, and a violation of the terms of The Life Insurance Plan.

15    36.    An actual controversy has arisen and now exists between Plaintiff and The Life
16    Insurance Plan with respect to whether Plaintiff is entitled to benefits under the terms of The Life
17    Insurance Plan.

18    37.    Plaintiff contends, and The Life Insurance Plan disputes, that Plaintiff is entitled to
19    benefits under the terms of The Life Insurance Plan, i.e., waiver of premiums during total disability,
20    and that therefore The Life Insurance Plan wrongfully terminated his life insurance benefits because
21    Plaintiff is disabled under the terms of the Policy.

22    38.    This Court is required to review the termination of Plaintiff's life insurance benefits
23    de novo because:

24            A.    The Plan does not provide for discretionary review;

25            B.    The Plan is both the administrator and the funding source for The Life Plan

26            C.    When The Plan fiduciaries denied Plaintiff's appeal they did so due to an
27                  actual conflict of interest.

28        WHEREFORE, Plaintiff prays judgment as follows:

COMPLAINT FOR DECLARATORY RELIEF
5

1.      For declaratory judgment against Defendant the Plan, requiring the Plan to pay waiver of premium and health insurance benefits under the terms of the Plan to Plaintiff for the period to which he is entitled to such benefits,  on all unpaid claims, until Plaintiff attains the age of 65 years or until it is determined that Plaintiff is no longer eligible for benefits under the terms of the  Plan.

2.      For attorney's fees pursuant to statute.

3.      For costs of suit incurred.

4.      For such other and further relief as the Court deems just and proper.

Dated: September 18, 2007

THORNTON DAVIDSON
Attorney for Plaintiff,
JAMES MICHAEL BROWN

COMPLAINT FOR DECLARATORY RELIEF

6

# EXHIBIT A



**ERISA LAW GROUP LLP**

2055 San Joaquin Street
Fresno, CA 93721
www.theerisalawgroup.com
law@theerisalawgroup.com

Office:      (559) 256-9800
Facsimile: (559) 256-9795

Thornton Davidson, Esq.
Robert J. Rosati, Esq.
Jill Fulkes - Administrator

January 16, 2007

Bank of America Corporation
Corporate Benefits Committee
Bank of America Personnel Center
N1-021-02-02
401 North Tryon Street
Charlotte, NC 28255

        Re:    James Michael Brown
                SSN:   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
                DOB:  February 6, 1964
                Date of Discharge: October 1, 2005

To Whom It May Concern:

        I am Mr. James Michael Brown's attorney, authorization enclosed. He is a former employee of Bank of America's.

        On October 1, 2005, he was discharged based on MetLife's, Bank of America's long term disability carrier, determination that he was no longer disabled effective September 2005. Mr. Brown appealed this determination. By letter dated December 26, 2006, MetLife reinstated his benefits, copy enclosed. Therefore, please reinstate Mr. Brown, including all benefits he is entitled to, i.e., life insurance, health insurance, etc.

        Please advise.

                              Very truly yours,

                              Robert J. Rosati

RJR/jaf

Enclosures as stated.

cc:    James Michael Brown

**Bank of America**  **Higher Standards**

## COPY TO ASSOCIATE

**Notice To Associate of Change in Status**
(Notice required by the State of California Development Department)

The purpose of this form is to notify you that your status has changed due to the reason checked below. The California State booklet included informs you of your rights to unemployment insurance benefits.

Name of Employer: Bank of America Corporation

Name of Associate: Mr. James M (Michael) Brown

Social Security Number:

Type of Action (check the appropriate box)

☒ **Discharge:**
**Date of Discharge:** ___10/01/2005_____

☐ **Lay Off:**
Includes and associates subject to a company severance program or who, although still an associate, is being temporarily or indefinitely changed to unpaid status due to lack of work (not associates on leaves of absence, which are covered below).

**Effective Date:** _____

☐ **Leave of Absence:**
The associate is inactive due to leave of absence under one of the following leave categories: Adoption, Family, Foster, Maternity, Medical, Military, Paternity, Personal, Short-Term Disability.

**Date of Leave of Absence:** _____

Send unemployment insurance claims to:

                                      Bank of America
                                      c/o Jon Jays Associates
                                      100 Corporate Place
                                      Peabody, MA 01960

Copy to Associate * Copy to Personnel File

Form: CA_UI_LETTER

Rev. 02/22/2004

Print This Page from your browser, then close this browser window to return to your original task.

**JAMES M BROWN**                                            **10-18-2002    10:00 PM**

# Enroll in Your Benefits

Choose a plan name in the table below to see a list of available options and make changes.

### Life Event Date January 1, 2003

|  | Deduction/Payment Amount | |
|---|---|---|
| Plan | Before-Tax | After-Tax |
| Medical | $60.00 | -- |
| Blue Cross of CA $300 PPO | | |
| You Only | | |
| Dental | $5.00 | -- |
| Aetna DMO | | |
| You Only | | |
| Vision | $3.82 | -- |
| Vision Service Plan | | |
| You Only | | |
| Associate Life Insurance | $7.67 | -- |
| (5 x Annual Pay) + Bonus | | |
| $263,000.00 | | |
| AD&D | $0.75 | -- |
| $150,000 | | |
| You Only | | |
| Domestic Partner No | | |
| Purchased Time Off | $42.00 | -- |
| Number of Hours 40 | | |
| Health Care Reimbursement | $0.00 | -- |
| $0.00/pay period | | |
| Dependent Care Reimbursement | $0.00 | -- |
| $0.00/pay period | | |
| Dependent Life Insurance | -- | $0.00 |
| No Coverage | | |
| Long-Term Disability | $1.97 | -- |
| 60% of (Annual Pay + Bonus) | | |
| Long-Term Care Insurance | -- | -- |
| Currently Enrolled | | |
| **Your Cost** | **$121.21** | **$0.00** |

Copyright © 1997-2002 Hewitt Associates LLC

# ERISA LAW GROUP LLP

**2055 San Joaquin Street**
**Fresno, CA 93721**
**www.theerisalawgroup.com**
**law@theerisalawgroup.com**

**Office:** (559) 256-9800
**Facsimile:** (559) 256-9795

April 12, 2007

Thornton Davidson, Esq.
Robert J. Rosati, Esq.
Jill Fulkes - Administrator

Ms. Susan Latessa
Bank of America Corporation
Corporate Benefits Committee
Bank of America Personnel Center
N1-021-02-02
901 West Trade Street
Charlotte, NC 28255

         Re:    James Michael Brown
               SSN:  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
               DOB:  June 6, 1964
               Date of Discharge: October 1, 2005

Dear Ms. Latessa:

       This is a follow-up to my January 16, 2007 letter in which I requested Mr. James Michael Brown's status as employee along with all benefits therein. Since that time, I have received another copy of Mr. Brown's benefits handbook as requested on November 21, 2006. However, I have not received any response to my January 16, 2007 request. I am once again enclosing MetLife's December 26, 2006, appeal determination.

       Please either reinstate his employee benefits, and confirm reinstatement in writing, or call me to discuss this issue.

                    Very truly yours,

                    Robert J. Rosati

RJR/jaf

Enclosures as stated.

cc:    James Michael Brown



## ERISA LAW GROUP LLP

2055 San Joaquin Street
Fresno, CA 93721
www.theerisalawgroup.com
law@theerisalawgroup.com

Office:      (559) 256-9800
Facsimile:  (559) 256-9795

May 14, 2007

Thornton Davidson, Esq.
Robert J. Rosati, Esq.
Jill Fulkes - Administrator

Ms. La Trenda Day                                    *VIA TELEFAX: 800-230-9531*
MetLife Disability                                   *AND U.S. MAIL*
PO Box 14590
Lexington, KY 40511-4590

Ms. Susan Latessa
Bank of America Corporation
Corporate Benefits Committee
Bank of America Personnel Center
N1-021-02-02
901 West Trade Street
Charlotte, NC 28255

> Claimant:        James Michael Brown
> Claim No.:       710306118802
> Group No.:       34701
> Employer:        Bank of America

Dear Ms. Day and Ms. Latessa:

This is a follow up to my May 4, 2007 letter to The Hartford, with a copy going to Bank of America. On October 1, 2005, Mr. James Michael Brown was discharged from his employer, Bank of America, based on MetLife's determination that he was no longer disabled. By letter dated December 26, 2006, MetLife reinstated Mr. Brown's long term disability benefits. By letters dated January 16, 2007 and April 12, 2007, this office submitted a copy of MetLife's reinstatement of benefits letter to Bank of America, asking that Mr. Brown be reinstated as an employee of Bank of America, with all applicable benefits to which he was entitled, including, i.e., health insurance, etc.

To date, I have had no response to any of this correspondence. If I do not get an response, or alternatively, Mr. Brown's benefits are reinstated, by 21, 2007, I will initiate legal proceedings against Bank of America.

Please feel free to call me or my paralegal, Jill Fulkes, if you have any questions.

Ms. Day and Ms. Latessa
May 14, 2007
Page 2

Very truly yours,

Robert J. Rosati

RJR/jaf

cc:    James Michael Brown

## HP LaserJet *3390*

# Fax Call Report



HP LASERJET FAX

May-14-2007  12:01PM

| Job | Date | Time | Type | Identification | Duration | Pages | Result |
|-----|------|------|------|----------------|----------|-------|--------|
| 673 | 5/14/2007 | 12:00:20PM | Send | 18002309531 | 1:07 | 3 | OK |

## FACSIMILE COVER SHEET

DATE: May 14, 2007 _____ File No.:

TO:   La Trenda Day

RE:   James Michael Brown

FACSIMILE NO.:*(800)230-9531*

From:  Jill A. Fulkes *for* Robert J. Rosati

| DOCUMENTS | NUMBER OF PAGES EXCLUDING COVER SHEET |
|-----------|---------------------------------------|
| Letter | 2 |

If you do not receive all pages, please telephone us immediately at 559-256-9800.

Message:_____(A copy is attached for your convenience.)

CONFIDENTIAL NOTICE: This message is intended only for the use of the individual or entry to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone, and return the original message to the above address via the U.S. Postal Service. Postage will be reimbursed. Thank you.

# EXHIBIT B

Metropolitan Life Insurance Company
PO Box 14590, Lexington KY 40511-
4590

# MetLife®

May 15, 2007

Attn: Bank of America

**RE: James Brown**
**Claim # 710306118802**
**Group #34701**


Dear Employer:

This letter is in reference to the above employee's claim for Long-Term Disability (LTD) benefits.

This claim was terminated.  Mr. Brown disagreed with the termination decision, and filed an appeal.  After a review of the claim, the appeals department has determined that the medical information that was submitted, does support Mr. Brown's inability perform any work at this time. Therefore, Mr. Brown's Long - Term Disability benefits have been reinstated. A detailed letter has been sent to Mr. Brown's.

If you have any questions, please contact me.


Sincerely,

La Trenda Day

La Trenda Day
Case Management Specialist
MetLife Disability
(800) 306-3850
FAX (800) 230-9531