1  PATRICIA K. GILLETTE
   pgillette@orrick.com
2  ORRICK, HERRINGTON & SUTCLIFFE LLP
   The Orrick Building
3  405 Howard Street
   San Francisco, CA 94105-2669
4  Telephone:    415-773-5700
   Facsimile:    415-773-5759
5
   Attorneys for Defendant
6  BANK OF AMERICA GROUP BENEFITS PROGRAM
   (identified by Plaintiff as "Bank of America Self-Insured Medical Plans,"
7  "Associate Life Insurance – Basic" and "Associate Life
   Insurance - Supplemental Plan")
8

9

10                    UNITED STATES DISTRICT COURT FOR

11                 THE NORTHERN DISTRICT OF CALIFORNIA

12
   JAMES MICHAEL BROWN,                    Case No. CGC-07-4844 EDL
13                                         UNLIMITED JURISDICTION
                   Plaintiff,
14                                         DEFENDANT'S ANSWER TO
        v.                                 PLAINTIFF'S COMPLAINT FOR
15                                         DECLARATORY RELIEF
   BANK OF AMERICA SELF-INSURED MEDICAL
16 PLANS; ASSOCIATE LIFE INSURANCE-BASIC
   AND ASSOCIATE LIFE INSURANCE-
17 SUPPLEMENTAL PLAN,

18
                   Defendants.
19

20

21

22

23

24

25

26

27

28

FILED

NOV 15

RICHARD W. WIEKING
CLERK, U.S. DISTRICT
NORTHERN DISTRICT OF CALIFORNIA

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Defendant Bank of America Group Benefits Program ("Defendant"), identified by Plaintiff as "Bank of America Self-Insured Medical Plans," "Associate Life Insurance-Basic Plan" and "Associate Life Insurance-Supplemental Plan," responds to the Complaint for Declaratory Relief filed by Plaintiff James Michael Brown ("Plaintiff") as follows:

## JURISDICTION

1.    The allegations are legal conclusions containing no factual allegations and, thus, Defendant is not required to admit or deny the allegations in paragraph 1 of Plaintiff's Complaint.

## VENUE/INTRADISTRICT ASSIGNMENT

2.    The allegations are legal conclusions containing no factual allegations and, thus, Defendant is not required to admit or deny the allegations in paragraph 2 of Plaintiff's Complaint.

## PARTIES

3.    Defendant alleges and avers that Plaintiff was a participant in the Bank of America Group Benefits Program through which he elected medical coverage under, and was a participant in, the Blue Cross Blue Shield Plan. Defendant alleges and avers that Plaintiff was a participant in the Associate Life Insurance-Basic and Associate Life Insurance Supplemental Plan, a Metropolitan Life Insurance Company ("MetLife") Plan through which he was provided an life insurance policy by MetLife. Defendant alleges and avers that Plaintiff was an employee of Bank of America, National Association ("the Bank") and, by virtue of his employment with the Bank, was eligible to participate in benefit programs sponsored by Bank of America Corporation including, the Blue Cross Blue Shield and MetLife plans. Defendant expressly denies that the Bank of America Self-Insured Health Plan is insured by Blue Shield. Except as so expressly admitted, Defendant denies each and every allegation contained in paragraph 3 of Plaintiff's Complaint.

- 1 -

4.     The allegations are legal conclusions containing no factual allegations and, thus, Defendant is not required to admit or deny the allegations in paragraph 4 of Plaintiff's Complaint.

## FIRST CLAIM FOR RELIEF
### (For Declaratory Relief that Plaintiff is Entitled to Benefits-Against Defendant Health Insurance Plan, only)

5.     Defendant admits that Plaintiff received medical benefits under the terms of the Blue Cross Blue Shield Plan.  Except as so expressly admitted, Defendant denies the allegations in paragraph 5 of Plaintiff's Complaint.

6.     Defendant denies each and every allegation in paragraph 6 of Plaintiff's Complaint.

7.     Defendant denies each and every allegation contained in paragraph 7 of Plaintiff's Complaint.

8.     Defendant denies each and every allegation contained in paragraph 8 of Plaintiff's Complaint.

9.     Defendant admits that letters dated January 16, 2007, April 12, 2007 and May 14, 2007 are attached to Plaintiff's Complaint as Exhibit A.  Except as so expressly admitted, Defendant denies each and every allegation contained in paragraph 9 of Plaintiff's Complaint.

10.    Defendant admits that a letter from MetLife dated May 15, 2007 is attached to Plaintiff's Complaint as Exhibit B.  Except as so expressly admitted, Defendant denies each and every allegation contained in paragraph 10 of Plaintiff's Complaint.

11.    The allegation is vague and ambiguous and, on that basis, Defendant denies the allegation contained in paragraph 11 of Plaintiff's Complaint.

12.    Defendant denies each and every allegation contained in paragraph 12 of Plaintiff's Complaint.

13.    Defendant denies each and every allegation contained in paragraph 13 of Plaintiff's Complaint.

- 2 -

14.    Defendant denies each and every allegation contained in paragraph 14 of Plaintiff's Complaint.

15.    The allegations are legal conclusions containing no factual allegations and, thus, Defendant is not required to admit or deny the allegations in paragraph 15 of Plaintiff's Complaint.

16.    The allegations are legal conclusions containing no factual allegations and, thus, Defendant is not required to admit or deny the allegations in paragraph 16 of Plaintiff's Complaint.

17.    The allegations are legal conclusions containing no factual allegations and, thus, Defendant is not required to admit or deny the allegations in paragraph 17 of Plaintiff's Complaint.

18.    The allegations are legal conclusions containing no factual allegations and, thus, Defendant is not required to admit or deny the allegations in paragraph 17 of Plaintiff's Complaint.

19.    The allegations are legal conclusions containing no factual allegations and, thus, Defendant is not required to admit or deny the allegations in paragraph 19 of Plaintiff's Complaint.

20.    The allegations are legal conclusions containing no factual allegations and, thus, Defendant is not required to admit or deny the allegations in paragraph 20 of Plaintiff's Complaint.

21.    Defendant denies each and every allegation contained in paragraph 21 of Plaintiff's Complaint.

22.    Defendant denies each and every allegation contained in paragraph 22 of Plaintiff's Complaint.

23.    The allegations are legal conclusions containing no factual allegations and, thus, Defendant is not required to admit or deny the allegations in paragraph 23 of Plaintiff's Complaint

- 3 -

24.    The allegations are legal conclusions containing no factual allegations and, thus, Defendant is not required to admit or deny the allegations in paragraph 24 of Plaintiff's Complaint.

25.    The allegations are legal conclusions containing no factual allegations and, thus, Defendant is not required to admit or deny the allegations in paragraph 25 of Plaintiff's Complaint.

26.    The allegations are legal conclusions containing no factual allegations and, thus, Defendant is not required to admit or deny the allegations in paragraph 26 of Plaintiff's Complaint.

27.    Defendant denies each and every allegation contained in paragraph 27 of Plaintiff's Complaint, and further denies that Plaintiff is entitled to recover attorneys' fees and costs.

## SECOND CLAIM FOR RELIEF
### (For Declaratory Relief That Plaintiff is Entitled to Benefits- Against Defendant Life Insurance Plan, Only)

28.    Defendant incorporates by reference its allegations, admissions and denials as set forth in paragraphs 1 through 27, inclusive.

29.    Defendant admits that Plaintiff was entitled to life insurance coverage under a group term policy issued by MetLife.  Except as so expressly admitted, Defendant denies each and every allegation contained in paragraph 29 of Plaintiff's Complaint.

30.    Defendant denies each and every allegation contained in paragraph 30 of Plaintiff's Complaint.

31.    Defendant denies each and every allegation contained in paragraph 31 of Plaintiff's Complaint.

32.    Defendant denies each and every allegation contained in paragraph 32 of Plaintiff's Complaint.

33.    Defendant denies each and every allegation contained in paragraph 33 of Plaintiff's Complaint.

- 4 -

34.    Defendant denies each and every allegation contained in paragraph 34 of Plaintiff's Complaint.

35.    Defendant denies each and every allegation contained in paragraph 35 of Plaintiff's Complaint.

36.    The allegations are legal conclusions containing no factual allegations and, thus, Defendant is not required to admit or deny the allegations in paragraph 36 of Plaintiff's Complaint.

37.    The allegations are legal conclusions containing no factual allegations and, thus, Defendant is not required to admit or deny the allegations in paragraph 37 of Plaintiff's Complaint.

38.    The allegations are legal conclusions containing no factual allegations and, thus, Defendant is not required to admit or deny the allegations in paragraph 38 of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative defenses to Plaintiff's Complaint:

### FIRST AFFIRMATIVE DEFENSE

As and for an affirmative defense to Plaintiff's First and Second Claims for Relief, Defendant alleges:

1.    Plaintiff lacks capacity or standing to bring this action against Defendant.

### SECOND AFFIRMATIVE DEFENSE

As and for an affirmative defense to Plaintiff's First and Second Claims for Relief, Defendant alleges:

2.    Plaintiff failed to state facts sufficient to constitute a cause of action.

### THIRD AFFIRMATIVE DEFENSE

As and for an affirmative defense to Plaintiff's First and Second Claims for Relief, Defendant alleges:

3.    Plaintiff failed to take reasonable steps to avoid harm.

- 5 -

## FOURTH AFFIRMATIVE DEFENSE

As and for an affirmative defense to Plaintiff's First and Second Claims for Relief, Defendant alleges:

4.     Plaintiff's claims for deprivation of benefits are barred by the failure of Plaintiff, in whole or in part, to exhaust internal review procedures mandated by the Employee Retirement Income Security Act ("ERISA"),  29 U.S.C. Sections 1001, *et seq*.

## FIFTH AFFIRMATIVE DEFENSE

As and for an affirmative defense to Plaintiff's First and Second Claims for Relief, Defendant alleges:

5.     Plaintiff's claims for deprivation of benefits are preempted by ERISA and the claims for damages, if any, that are recoverable are limited by ERISA.  29 U.S.C. §§ 502(a)(2)(B) and 514, 29 U.S.C. §§ 1132(a)(1)(B) and 1144.

## SIXTH AFFIRMATIVE DEFENSE

As and for an affirmative defense to Plaintiff's First and Second Claims for Relief, Defendant alleges:

6.     Plaintiff failed, in whole or in part, to exhaust his administrative remedies in a timely manner and/or the grievance procedures applicable to the disputes alleged in Plaintiff's Complaint.

## SEVENTH AFFIRMATIVE DEFENSE

As and for an affirmative defense to Plaintiff's First and Second Claims for Relief, Defendant alleges:

7.     Defendant's performance under the alleged contract, if any, was excused and prevented within the meaning of Cal. Civ. Code Section 1511.

## EIGHTH AFFIRMATIVE DEFENSE

As and for an affirmative defense to Plaintiff's First and Second Claims for Relief, Defendant alleges:

8.     Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

- 6 -

## NINTH AFFIRMATIVE DEFENSE

As and for an affirmative defense to Plaintiff's First and Second Claims for Relief, Defendant alleges:

9.     Plaintiff's claims are barred, in whole or in part, by the doctrines of unclean hands, waiver and/or estoppel.

## TENTH AFFIRMATIVE DEFENSE

As and for an affirmative defense to Plaintiff's First and Second Claims for Relief, Defendant alleges:

10.    Plaintiff's recovery, if any, of economic damages based upon the Complaint and each purported cause of action therein must be offset by other income and benefits that Plaintiff receives.

## ELEVENTH AFFIRMATIVE DEFENSE

As and for an affirmative defense to Plaintiff's First and Second Claims for Relief, Defendant alleges:

11.    Plaintiff's recovery, if any, of non-economic damages based upon the Complaint and each purported cause of action alleged therein is limited to the percentage of fault, if any, attributable to Defendant as provided in the Fair Responsibility Act of 1986, California Civil Code Sections 1431-1431.5.

## TWELFTH AFFIRMATIVE DEFENSE

As and for an affirmative defense to Plaintiff's First and Second Claims for Relief, Defendant alleges:

12.    Defendant is not legally responsible for the acts and/or omissions of Blue Cross Blue Shield, Metropolitan Life Insurance Company and/or any other insurance company that purportedly insured Plaintiff.

## THIRTEENTH AFFIRMATIVE DEFENSE

As and for an affirmative defense to Plaintiff's First and Second Claims for Relief, Defendant alleges:

- 7 -

13.    To the extent Defendant is liable, if at all, for Plaintiff's claims, the fact and extent of which Defendant expressly denies, Defendant may be entitled to indemnification, contribution and/or equitable apportionment of such claims among all other parties responsible for Plaintiff's claims.

## FOURTEENTH AFFIRMATIVE DEFENSE

As and for an affirmative defense to Plaintiff's First and Second Claims for Relief, Defendant alleges:

14.    Plaintiff's damages, the fact and extent of which are expressly denied, were proximately caused by intervening, superseding and/or supervening acts or omissions for which Defendant has no liability, or the acts or omissions of third parties.

## FIFTEENTH AFFIRMATIVE DEFENSE

As and for an affirmative defense to Plaintiff's First and Second Claims for Relief, Defendant alleges:

15.    Defendant exercised reasonable care to prevent and correct promptly any alleged unlawful behavior and Plaintiff failed to take advantage of preventive and corrective opportunities offered by Defendant and/or otherwise to avoid harm.

## SIXTEENTH AFFIRMATIVE DEFENSE

As and for an affirmative defense to Plaintiff's First and Second Claims for Relief, Defendant alleges:

16.    All of the alleged acts and conduct of Defendant of which Plaintiff complains were privileged and/or justified.

## SEVENTEENTH AFFIRMATIVE DEFENSE

As and for an affirmative defense to Plaintiff's First and Second Claims for Relief, Defendant alleges:

17.    Any and all acts, occurrences and damages alleged or referred to in the Complaint were proximately caused by the bad faith of Plaintiff in that Plaintiff failed to deal fairly, honestly and reasonably with Defendant; therefore, the comparative bad faith of

- 8 -

Plaintiff reduces his right to recover, if any, by the amount which his bad faith contributed to the damages alleged.

### EIGHTEENTH AFFIRMATIVE DEFENSE

As and for an affirmative defense to Plaintiff's First and Second Claims for Relief, Defendant alleges:

18.    Plaintiff has failed, and continues to fail, to take reasonable steps to mitigate his damages.

### NINETEENTH AFFIRMATIVE DEFENSE

As and for an affirmative defense to Plaintiff's First and Second Claims for Relief, Defendant alleges:

19.    Defendant's actions were for a legitimate business purpose necessary for the safe and efficient operation of the Plans.

### TWENTIETH AFFIRMATIVE DEFENSE

As and for an affirmative defense to Plaintiff's First and Second Claims for Relief, Defendant alleges:

20.    Plaintiff's claims are barred, in whole or in part, by the applicable Statute of Limitations including, but not limited to, 29 U.S.C. Sections 1001, *et seq.*

### CLAIM FOR ATTORNEYS' FEES AND COSTS

### TWENTY-FIRST AFFIRMATIVE DEFENSE

As and for an affirmative defense to Plaintiff's claim for attorneys' fees and costs, Defendant alleges:

21.    Plaintiff is not entitled to recover attorneys' fees and costs as demanded in Plaintiff's Complaint based on his theories of recovery.

WHEREFORE Defendant prays:

1.    That Plaintiff's Complaint be dismissed in its entirety;

2.    That Plaintiff take nothing by his Complaint;

3.    That Defendant be awarded attorneys' fees and its costs of suit; and

- 9 -

4.    That Defendant be granted such other and further relief as this Court may deem appropriate.

Dated: November 15, 2007                  PATRICIA K. GILLETTE
                                          ORRICK, HERRINGTON & SUTCLIFFE LLP

                                          _Patricia K. Gillette_

                                          PATRICIA K. GILLETTE
                                          Attorneys for Defendant
                                          BANK OF AMERICA GROUP BENEFITS
                                          PROGRAM

- 10 -

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DECLARATORY RELIEF:
Case No. CGC-07-4844 EDL

1

## **PROOF OF SERVICE BY MAIL**

2          I am more than eighteen years old and not a party to this action. My business

3  address is Orrick, Herrington & Sutcliffe LLP, The Orrick Building, 405 Howard Street, San

4  Francisco, California 94105-2669. On November 15, 2007, I served the following document(s):

5                    DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT FOR
                     DECLARATORY RELIEF
6
   on the interested parties in this action by placing true and correct copies thereof in sealed
7
   envelope(s) addressed as follows:
8
           Thornton Davidson
9          The ERISA Law Group
           2055 San Joaquin Street
10         Fresno, CA 93721

11

12         I am employed in the county from which the mailing occurred. On the date

13  indicated above, I placed the sealed envelope(s) for collection and mailing at this firm's office

14  business address indicated above. I am readily familiar with this firm's practice for the collection

15  and processing of correspondence for mailing with the United States Postal Service. Under that

16  practice, the firm's correspondence would be deposited with the United States Postal Service on

17  this same date with postage thereon fully prepaid in the ordinary course of business.

18         I declare under penalty of perjury that the foregoing is true and correct.

19         Executed on November 15, 2007, at San Francisco, California.

20

21

22                                          Pamela R. Dawson

23

24

25

26

27

28
                                           - 1 -

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DECLARATORY RELIEF