1  THORNTON DAVIDSON #166487
   The ERISA Law Group
2  2055 San Joaquin Street
   Fresno, CA 93721-2717
3  Telephone:   (559) 256-9800
   Facsimile:   (559) 256-9795
4
   Attorneys for Plaintiff
5  JAMES MICHAEL BROWN

6  PATRICIA K. GILLETTE, State Bar No. 74461
   pgillette@orrick.com
7  KRISTEN M. JACOBY, State Bar No. 243857
   kjacoby@orrick.com
8  ORRICK, HERRINGTON & SUTCLIFFE LLP
   The Orrick Building
9  405 Howard Street
   San Francisco, CA  94105-2669
10 Telephone:   +1-415-773-5700
   Facsimile:   +1-415-773-5759
11
   Attorneys for Defendant
12 BANK OF AMERICA GROUP BENEFITS PROGRAM
   (identified by Plaintiff as "Bank of America Self-Insured
13 Medical Plans," "Associate Life Insurance - Basic" and
   "Associate Life Insurance - Supplemental Plan"
14

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| JAMES MICHAEL BROWN, | Case No.  CGC-07-4844 EDL |
|---|---|
| Plaintiff, | **JOINT CASE MANAGEMENT CONFERENCE STATEMENT** |
| v. |  |
| BANK OF AMERICA SELF-INSURED MEDICAL PLANS: ASSOCIATE LIFE INSURANCE - BASIC AND ASSOCIATE LIFE INSURANCE - SUPPLEMENTAL PLAN, | Date:   March 11, 2008<br>Time:   10:00 a.m.<br>Judge:  Hon. Elizabeth Laporte |
|  | **PLAINTIFF GRANTED PERMISSION TO APPEAR BY TELEPHONE** |
| Defendants. |  |

Pursuant to Federal Rules of Civil Procedure 16(b) and the Court's Case Management Conference Order, the parties to the above entitled action jointly submit this case

management statement:

1. <u>Jurisdiction and Service</u>

The parties agree that this Court has subject matter jurisdiction over Plaintiff's claim pursuant to the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. section 1132(a). Jurisdiction is proper pursuant to 29 U.S.C. section 1331 because this action arises under the laws of the United States of America. 29 U.S.C. section 1132(e)(1) provides for Federal District Court jurisdiction.

All parties are subject to this Court's jurisdiction.

All parties have been served.

2. <u>Facts</u>

Plaintiff was a participant in the Bank of America Group Benefits Program. Plaintiff was receiving benefits from Defendant's Long Term Disability ("LTD") plan, insured by Metropolitan Life Insurance Company ("Met Life"). In December of 2005, Met Life determined that Plaintiff was no longer disabled and terminated his LTD benefits. Plaintiff appealed Met Life's determination, and his LTD benefits were retroactively reinstated on December 26, 2006.

Plaintiff claims that when his LTD benefits were terminated, Defendant Bank of America Group Benefits Program terminated his health and life insurance benefits. Defendant claims that Plaintiff's entitlement to those benefits was terminated prior to the cessation of LTD benefits, due to Plaintiff's failure to pay the premiums on those benefits. Defendant claims that Plaintiff fell behind in the payment of premiums and his benefits lapsed. Plaintiff appealed that decision to Defendant's Benefits Appeals Department, and was offered a chance to pay back premiums in order to resume coverage. Plaintiff failed to pay those premiums in accordance with the offer, and his benefits were terminated.

On February 1, 2008, after receiving documentation of Defendant's reinstatement offer and payment delinquency, Plaintiff stipulated that he would dismiss Defendant Bank of America Self Insured Medical Plan along with his first Claim for Relief. The parties have also agreed that Plaintiff is entitled to a basic level of life insurance for which no premiums are due.

Defendant maintains that Plaintiff is not entitled to supplemental coverage.

Plaintiff maintains he retains a right to such coverage because Defendant never provided him a notice of conversion rights as required by California law.

3. Legal Issues

Whether Plaintiff is entitled to retroactive and prospective supplemental life insurance through the Plan. The parties agree that Plaintiff is entitled to a basic level of coverage, equivalent to one year of his salary.

4. Motions

There are currently no motions pending. Plaintiff does not anticipate filing any motions, unless there is a dispute over discovery. Defendant anticipates filing a motion for summary judgment.

5. Amendment of Pleadings

The Parties do not anticipate filing amended pleadings.

6. Evidence Preservation

Defendant has notified the appropriate witnesses of the necessity to preserve documentation relevant to this matter.

7. Disclosures

Disclosures pursuant to F.R.C.P. Rule 26 will be made shortly following the initial CMC.

8. Discovery

No discovery has taken place to date, although Defendant has informally provided Plaintiff with certain documents relevant to his claim.

Plaintiff contends that the Administrative Record should include MetLife's claims manuals.

Plaintiff intends to conduct discovery regarding the nature, extent, and effect on the decision making process of MetLife's conflict of interest because such information is relevant in assessing whether it abused its discretion. Plaintiff intends to serve: request for production of documents, interrogatories, and notice a Rule 30(b)(6) of MetLife.

Plaintiff believes a Rule 26(f) discovery order and conference is necessary.

1    Defendant intends to conduct written discovery, and to take Plaintiff's deposition.

2    9.   Class Actions

3    This is not a class action.

4    10.  Related Cases

5    There are no other related cases.

6    11.  Relief

7    This is a complaint for declaratory relief.

8    12.  Settlement and ADR

9    The Parties have selected ENE for the ADR process and have engaged the services
10   of Bradford Huss. Defendant is investigating Plaintiff's remaining claim of entitlement to
11   supplemental life insurance, and will convene another conference with Mr. Huss when additional
12   information is available. To that end, the parties jointly request an extension of the March 20,
13   2008 deadline. Both parties request until May 2, 2008 to complete ENE.

14   13.  Consent to Magistrate Judge for All Purposes

15   Both Parties consent to the use of a Magistrate Judge for all purposes.

16   14.  Other References

17   This case is not suitable for binding arbitration, a special master, or the Judicial
18   Panel on Multidistrict Litigation.

19   15.  Narrowing of Issues

20   None.

21   16.  Expedited Schedule

22   The Parties believe that this case would be suitable for handling on an expedited
23   basis.

24   17.  Scheduling

25   Discovery cutoff: June 6, 2008

26   Hearing of dispositive motions: August 1, 2008

27   Pretrial conference: October 6, 2008. The parties request that the Court set a trial
28   date at the Pretrial conference.

18. <u>Trial</u>

This case is a bench trial and is expected to last one day.

19. <u>Disclosure of Non-party Interested Entities or Persons</u>

Plaintiff has made his Certification of Non-party Interested Entities or Persons, as 1) Plaintiff, 2) Defendant, and 3) Defendant's Insurers. Defendant has filed a Certification of Non-party Interested Entities or Persons as 1) Bank of America Corporation, and 2) Bank of America, National Association.

20. <u>Other Matters</u>

None.

Dated: March 10, 2008    THORNTON DAVIDSON
The ERISA Law Group

　　　　　　　　　　　　　　　　　　　　　　　/s/ Thornton Davidson
　　　　　　　　　　　　　　　　　　　　THORNTON DAVIDSON
　　　　　　　　　　　　　　　　　　　　　　Attorneys for Plaintiff
　　　　　　　　　　　　　　　　　　　　　　James Michael Brown

Dated: March 10, 2008    PATRICIA K. GILLETTE
KRISTEN M. JACOBY
Orrick, Herrington & Sutcliffe LLP

　　　　　　　　　　　　　　　　　　　/s/ with permission, Kristen M. Jacoby
　　　　　　　　　　　　　　　　　　　　PATRICIA K. GILLETTE
　　　　　　　　　　　　　　　　　　　　KRISTEN M. JACOBY
　　　　　　　　　　　　　　　　　　　　Attorneys for Defendant
　　　　　　　　　　　　　　　　　　Bank of America Group Benefits Program

**[PROPOSED] ORDER**

**IT IS SO ORDERED.**

Dated: _____

　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　HONORABLE ELIZABETH D. LAPORTE
　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT COURT JUDGE